IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DO RAKU, INC.,<br><br>    Defendant. | Case No. 21-cv-08188-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION** |

Before the Court is a motion to dismiss for lack of subject matter jurisdiction by Defendant Do Raku, Inc. See Mot. (dkt. 20). Do Raku argues that Plaintiff Scott Johnson lacks standing for injunctive relief because a CASp inspector has found that the barriers that allegedly violated the Americans with Disabilities Act (ADA) have been removed. The Court finds oral argument unnecessary and GRANTS Do Raku's motion to dismiss.

## I.   BACKGROUND

Johnson is a California resident and "level C-5 quadriplegic" who uses a wheelchair for mobility. See Compl. (dkt. 1) ¶ 1. Do Raku owns i-Tea Do Raku, a restaurant in Milpitas, California. Id. ¶¶ 2-3.

Johnson alleges that he went to the restaurant three times in August 2021, but was deterred because Do Raku had failed to provide "wheelchair accessible inside and outside dining surfaces" in conformance with ADA Standards. Id. ¶¶ 8, 10-11. Specifically, he encountered a "lack of sufficient knee or toe clearance under the inside and outside dining surfaces for wheelchair users." Id. ¶ 12. Johnson alleges that he plans to return to the store to avail himself of its goods in the future. Id. ¶ 20.

On October 21, 2021, Johnson filed this lawsuit, alleging violations of the

Americans with Disabilities Act of 1990 (ADA) and the California Unruh Civil Rights Act. See id. at 4-7. Within two weeks of waiving service of the complaint, Do Raku employed CASp inspector Michael Miyaki, who inspected the premises on January 25, 2022 to determine what barriers existed. Olson Decl. (dkt. 20-2) ¶ 6; Miyaki Decl. (dkt. 20-1). Do Raku promptly removed all barriers. On February 8, Do Raku informed Johnson of this fact, provided photos, and served a Rule 68 Offer of Judgment. Olson Decl. ¶ 8. Johnson did not then (or subsequently) request a site inspection. Miyaki reinspected the premises on March 15 and confirmed that all surfaces were in compliance. Olson Decl. ¶ 9; Miyaki Decl. ¶¶ 9-10, Ex C. Do Raku moved to dismiss on April 11. Johnson filed a late opposition. Opp. (dkt. 21).

## II.   LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3). A party can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of the plaintiff's allegations." Id. The plaintiff "must present affidavits or any other evidence necessary to satisfy its burden that the court, in fact, possesses subject matter jurisdiction." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

Standing for injunctive relief requires a "real and immediate threat of repeated injury." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004). A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998) (citations omitted). Therefore, in an ADA case seeking injunctive relief, the "voluntary

removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); see, e.g., Johnson v. 1082 El Camino Real, LP, 2018 WL 1091267, at *2 (N.D. Cal. Feb. 28, 2018).

When the jurisdictional issue is intertwined with the merits, a court must apply the summary judgment standard in deciding the motion to dismiss. Johnson v. Techbusiness Resources, LLC, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020). A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Because the defendant bears the burden of establishing mootness, see In re Pintlar Corp., 124 F.3d 1310, 1312 (9th Cir. 1997), it must "affirmatively demonstrate" that there is no genuine dispute that the relevant accessibility barriers no longer exist. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).

### III. DISCUSSION

#### A. The ADA Claim

This Court lacks jurisdiction because Do Raku has affirmatively demonstrated that there is no material dispute as to whether the barriers exist. See Johnson v. Blackburn, 2022 WL 425489 (N.D. Cal. Feb. 11, 2022) (dismissing a similar ADA case on a similar ground); Garcia v. Pena, 2022 WL 1136794 (N.D. Cal. April 18, 2022) (same). Do Raku has presented ample factual evidence that all ADA barriers have been removed. See generally Miyaki Decl. & Ex. C. Despite having notice of these facts and nearly two months to dispute them, Johnson has not done so. To the contrary, Johnson "admits that the tables identified in Defendant's CASp's report appear to meet ADA Standards." Opp. at 1. Johnson's only argument is that the barrier could conceivably recur and claims that Do Raku must produce an official "plan" to continue using these tables. Id. at 6. But Johnson's claim that the barrier might recur is "pure speculation." See Johnson v. Opa Campbell LP, 2021 WL 3493712, at *4 (N.D. Cal. Aug. 9, 2021) (finding future violation unlikely because the defendant promptly remediated the barrier and there was no history of ADA violations or evidence of intent to violate the ADA). Johnson points to no plausible

reason why Do Raku, having invested in legally compliant tables, would resume using noncompliant tables and subject itself to another ADA lawsuit. Johnson therefore faces no "real and immediate threat of repeated injury." Fortyune, 364 F.3d at 1081.

### B. Unruh Act Claim

Having dismissed Johnson's sole federal law claim, the only remaining claim is his claim under California's Unruh Act. Supplemental jurisdiction is discretionary. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997), see 28 U.S.C. § 1367(a). "Courts in this district have declined to exercise supplemental jurisdiction over Unruh Act claims after dismissing the parallel ADA claim." Techbusiness, 2020 WL 7013596, at *3 (citations omitted); see, e.g., Blackburn, 2022 WL 425489 at *4. The Court declines to exercise supplemental jurisdiction over the Unruh Act claim here because "it would not further the interest of judicial economy, convenience, fairness and comity." Techbusiness, 2020 WL 7013596, at *3 (citation omitted).

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Do Raku's motion to dismiss for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: May 12, 2022

_____
CHARLES R. BREYER
United States District Judge